UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HECTOR DELEON,

    Plaintiff,

v.                                                    Case No:   2:17-cv-563-FtM-UA

NANCY BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**OPINION AND ORDER**

Plaintiff, Hector Deleon, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful

employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record

regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income on May 21, 2010. (Tr. 184-97). After a hearing, Administrative Law Judge ("ALJ") Larry Butler issued an unfavorable decision on March 30, 2012. (Tr. 42-66, 116-30). The Appeals Council, however, granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the claim for a new hearing and decision. (Tr. 131-35). After a second hearing, ALJ Butler issued an unfavorable decision on March 6, 2015. (Tr. 13-41, 67-103). The Appeals Council denied Plaintiff's request for review on August 8, 2016, making the March 6, 2015 ALJ decision the final decision of the Commissioner. (Tr. 5-10). Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on October 13, 2017. The parties having filed a joint memorandum setting forth their respective positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 15, 2008, the alleged onset date. (Tr. 23). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine and a history of right avulsion-type injury with recurrent cyst

formation. (Tr. 23). At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to "lift and carry up to 20 pounds occasionally and 10 pounds frequently, to sit 6 hours in an 8-hour workday, and to stand and/or walk 6 hours in an 8-hour workday." (Tr. 25). At step four, the ALJ found that Plaintiff is unable to perform his past relevant work. (Tr. 33).

At step five, the ALJ found that because Plaintiff has the RFC to perform a full range of light work, a finding of "not disabled" pursuant to Medical-Vocational Rule 202.17. (Tr. 34). The ALJ concluded that Plaintiff was not under a disability from November 15, 2008, the alleged onset date, through the date of the decision, March 6, 2015. (Tr. 34-35).

## II.     Analysis

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by finding that Plaintiff's mental impairments were non-severe; (2) whether substantial evidence supports the ALJ's credibility assessment; and (3) whether the ALJ erred by giving little weigh to the opinion of treating physician Dr. Yankopolus. The Court begins with Plaintiff's first raised issue.

Plaintiff argues that the ALJ's determination that Plaintiff's mental impairments were non-severe is inconsistent with the record and appears to indicate that the ALJ did not consider or review all of the evidence of record relevant to Plaintiff's mental impairments. (Doc. 21 p. 20- 23). Plaintiff argues that the ALJ's characterization of Plaintiff's mental treatment notes as being "infrequent and vague" is inaccurate. (Doc. 21 p. 21).

In response, Defendant argues that Plaintiff failed to meet his burden of proving that he had a severe mental impairment. Defendant argues that Plaintiff's diagnoses of depression,

anxiety, and other mental conditions do not establish the existence of a severe impairment. (Doc. 21 p. 25). Further, Defendant argues that the medical professionals who treated and examined Plaintiff primarily for his physical complaints did not note adverse objective mental findings even when they diagnosed him with a mental condition. (Doc. 21 p. 25).

At step two, "a claimant's impairment is determined to be either severe or non-severe." *McDaniel v. Bowen*, 800 F.2d 1026, 1032 (11th Cir. 1986). Plaintiff bears the burden of establishing that his impairments are severe and prevent the performance of his past relevant work. *Bowen v. Yuckert*, 482 U.S. at 146 n.5. The burden at step two is mild, and a claimant need only show that his impairment is not so slight and the effect is not so minimal. *McDaniel*, 800 F.2d at 1032. "Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected." *Id*. An impairment is severe if it significantly limits a claimant's physical or mental ability to perform basic work activities, but an impairment is not severe if it is merely a slight abnormality or a combination thereof that does not have more than a minimal effect on the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a). "Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step." SSR 85-28; *see also Beasich v. Comm'r. of Soc. Sec.*, 66 Fed. Appx. 419, 428 (3d Cir. 2003) (stating "[r]easonable doubts on severity should be resolved in favor of the claimant.").

With regard to mental impairments, the regulations provide a process to evaluate the severity based on consideration of the "paragraph B" criteria. 20 C.F.R. § 404.1520a(d). The four criteria under paragraph are: (1) activities of daily living; (2) social functioning; (3) concentration,

persistence or pace; and (4) episodes of decompensation. 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.00. If the Commissioner finds that the degree of limitation in the first three areas to be "none" or "mild" and "none" in the fourth area, the Commissioner will typically conclude that the impairment is non-severe. 20 C.F.R. § 404.1520a(d)(1). Moreover, "a claimant whose claim is based on a mental condition does not have to show a 12-month period of impairment unmarred by any symptom free interval." *Henning v. Colvin*, 2015 WL 248413 *19 (N.D. Fla. 2015). The regulations take into account that the symptoms related to a mental impairment may vary in severity and in response to medication. *Thornton v. Astrue*, 356 F. App'x 243, 248 (11th Cir. 2009) (citing 20 C.F.R. Part 404, subpart P, Appendix 1 at §§ 12.00, 12.03, 12.04). Thus, the ALJ must consider all of the relevant evidence to determine whether an impairment is severe. 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.00. It is improper for an ALJ to pick and choose only the evidence that supports his decision. *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 2011) (holding that the decision was not supported by substantial evidence when the administrative agency focused on one piece of evidence that supported its decision while disregarding contrary evidence).

In his decision, the ALJ determined that Plaintiff had mild limitations in the functional areas of activities of daily living, social functioning, and concentration, persistence or pace and had experienced no episodes of decompensation. (Tr. 24). In reaching this determination, the ALJ explained that "the record contains infrequent and vague treatment notes suggesting that claimant suffered from depression and anxiety/agoraphobia during the relevant period." (Tr. 24). The only evidence the ALJ cited to was the consultative review of Michelle Butler, Ph.D., who reviewed Plaintiff's file in November 2010, and opined that Plaintiff did not have a severe mental impairment. The ALJ, however, failed to mention or discuss the medical evidence of record

relating to Plaintiff's mental impairments. For example, as Plaintiff notes, the ALJ failed to acknowledges such evidence as:

> • July 22, 2011: Plaintiff presented to the Ruth Cooper Center for mental health complaining that he was depressed and only sleeping one hour per night (Tr. 511). He reported vomiting at times due to extreme anxiety and auditory and visual hallucinations, which are psychotic symptoms (*Id.*). He was prescribed multiple medications (Tr. 515).
>
> • September 30, 2011: Plaintiff returned to the Ruth Cooper Center reporting that he was still only getting two hours of sleep per night and his medications were not helping (Tr. 509). His medication regimen had to be changed (*Id.*).
>
> • December 5, 2011: Plaintiff returned to Ruth Cooper complaining that he was still depressed and anxious and experiencing visual hallucinations (Tr. 504). He reported crying spells and agoraphobia (Tr. 505). Haldol, an anti-psychotic medication, was added to his regimen (*Id.*).
>
> • February and September 2012: Plaintiff presented to Lee Mental Health complaining of continued symptoms with visual hallucinations and depression (Tr. 58). He was prescribed Prozac, Vistaril, Xanax, doxepine, and Haldol by psychiatrist Dr. Enrique Villareal, M.D. (Tr. 560).
>
> • February 26, 2013: Plaintiff returned to Lee Mental Health/SalusCare, complaining of worsening anxiety, visual hallucinations, anxiety, and was having difficulty leaving his house (Tr. 553-54). Dr. Shirley Kocur, M.D., prescribed multiple psychotropic medications (Tr. 556).
>
> • Throughout the relevant time period he was prescribed anxiety medication by his pain management providers. (*See e.g.,* 611-50, 620-89).

(Doc. 21 p. 21-22).

Here, the Court finds it appropriate to remand this case for the ALJ to address the medical record pertaining to Plaintiff's alleged mental impairments. In the remand order from the Appeals Council, the ALJ was directed to

> Further evaluate the claimant's mental impairment in accordance with the special technique described in 20 CFR 404.150a and 416.920a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR 404.1520a(c) and 416.920a(c).

(Tr. 133). While the ALJ did make findings pursuant to the special technique, the ALJ failed to conduct any meaning evaluation of Plaintiff's mental impairments with reference to the record. Nor does it appear that the ALJ conducted an analysis of Plaintiff's mental impairments at later steps in the sequential evaluation. In sum, the Court finds that the ALJ failed to demonstrate that his step two finding was based on substantial evidence, and remand is necessary to rectify this error. The Court is unable to discern whether the ALJ properly considered all the relevant medical evidence.

While Defendant cites to much evidence of record in support of the ALJ's determination, Defendant does not cure the ALJ's error. The Court is mindful that it must not "accept appellate counsel's post hoc rationalizations for agency actions," and "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010).

Upon remand, the ALJ shall specifically address Plaintiff's mental impairments and the medical evidence related to the impairments. As the ALJ's analysis of Plaintiff's mental impairments may alter his findings at subsequent steps in the sequential evaluation, the Court defers from addressing Plaintiff's other issues at this time.

### III. Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 22, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties